UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
ELIZABETH ABRAMS and DORE ABRAMS, as Parents and
Natural Guardians of A.A., and ELIZABETH ABRAMS and
DORE ABRAMS, Individually,

YARELY MORA and LUIS NUNEZ, SR., as Parents and
Natural Guardians of L.N., and YARELY MORA and
LUIS NUNEZ, SR., Individually,

NAHOKO MIZUTA and KENTARO MIZUTA, as Parents
and Natural Guardians of, Y.M., and NAHOKO MIZUTA
and KENTARO MIZUTA, Individually,

                     **Plaintiffs,**
    -against-

The NEW YORK CITY DEPARTMENT OF EDUCATION,
and DAVID C. BANKS, in his official capacity as
Chancellor of the New York City Department of
Education,

                     **Defendants.**
-------------------------------------------------------------------------------X

22-cv-02546

**COMPLAINT**

      Plaintiffs ELIZABETH ABRAMS and DORE ABRAMS, the Parents and Natural Guardians

of A.A.[1]; YARELY MORA and LUIS NUNEZ, SR., the Parents and Natural Guardians of L.N.;

NAHOKO MIZUTA and KENTARO MIZUTA, the Parents and Natural Guardians of Y.M.; and

each Plaintiff Individually, collectively referred to herein as Plaintiffs, for their Complaint

against the NEW YORK CITY DEPARTMENT OF EDUCATION and DAVID C. BANKS, in his

official capacity as Chancellor of the New York City Department of Education Defendant,

collectively referred to herein as DOE, allege as follows:

---

[1] Although the full names of the Parents are used herein, consistent with the federal Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g and its regulations (34 C.F.R. Part 99) ("FERPA"), Plaintiffs' Counsel is using the initials of the Student to protect that Student's privacy.

**PRELIMINARY STATEMENT**

1.  The Individuals with Disabilities Education Act ("IDEA") offers federal funds to States in exchange for a commitment to furnish a "free appropriate public education" ("FAPE") to all children with physical or intellectual disabilities. *See* 20 U.S.C. § 1401(3)(A)(i) (listing covered disabilities).

2.  As defined in the Act, a FAPE comprises special education and related services — instruction tailored to meet a child's unique needs and supportive services sufficient to permit the child to benefit from the instruction. 20 U.S.C. § 1401 (26) and (29).

3.  An eligible child acquires a substantive right to such an education once a State accepts the IDEA's financial assistance from the Federal Government.

4.  Under the IDEA, an Individualized Education Program ("IEP") serves as the primary vehicle for providing a child with the promised FAPE.

5.  Fundamental to the IDEA's Due Process structure are strict and explicit timelines for holding impartial hearings and issuing a Findings of Fact and Decision ("FOFD") and/or State Review Office Decision.

6.  Filing a Due Process Complaint ("DPC") triggers a 30-day "resolution period," during which DOE must have a settlement meeting with a parent or legal guardian within 15 days of receiving the DPC. 34 C.F.R. § 300.510(a); *see also* 20 U.S.C. § 1415(f)(1)(B).

7.  If DOE does not resolve the DPC to the Parent's satisfaction by the close of the 30-day resolution period or simply fails to hold a settlement meeting, the matter goes to an Impartial Hearing. 20 U.S.C. § 1415 (f)(1)(B)(ii); 34 C.F.R. § 300.510(b)(1).

8.  Both the federal regulations and New York State Education Law require an Impartial Hearing Officer ("IHO") to issue a FOFD no later than 45 days after the 30-day

resolution period ends. 34 C.F.R. § 300.515(a); N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(j)(5); *see also id.* §§ 200.5(j)(2)(v)(b), 200.5(j)(3)(iii)(b).

9.   A school district's failure to provide a timely Due Process hearing violates the procedural safeguards provided for in the IDEA.

10.  A school district's failure to provide a timely Due Process hearing is the denial of a fundamental component of the Due Process protections afforded by the IDEA.

11.  A violation of the IDEA's procedural guarantees may be a sufficient ground for holding that a school system has failed to provide a free appropriate public education and thus has violated the Act.

12.  Each Plaintiff herein seeks an order requiring DOE to comply with the final Administrative Orders of IHO and FOFD, which order DOE to fully fund the cost of each Plaintiff's Student's placement at the International Institute for the Brain ("iBRAIN").

13.  Each Plaintiff seeks an award of reasonable attorneys' fees as part of the costs awarded to the Parent of a child with a disability as a "prevailing party" in the underlying administrative proceedings conducted under the IDEA.

## JURISDICTION AND VENUE

14.  The instant case arises under a federal statute, the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq*. ("IDEA"), and the United States Department of Education regulations, promulgated according to authority granted by statute. 34 C.F.R. Part 300.

15.  The Court has subject matter jurisdiction under 28 U.S.C. § 1331, in that the claims herein arise under federal law (IDEA), 28 U.S.C. § 1343(a), in that the claims herein

arise under laws providing for the protection of civil rights, and under 20 U.S.C. § 1400, *et seq*.

16.    Jurisdiction is also proper under 42 U.S.C. § 1983 as Defendants acted under color of law.

17.    To the extent, if any, that this case involves questions of special education rights under New York State law, the Court has supplemental jurisdiction under 28 U.S.C. § 1367.

18.    This Court may order declaratory and injunctive relief under 28 U.S.C. § 2201 and 2202.

19.    Under 28 U.S.C. § 1391(b), the venue is appropriately placed in the Southern District of New York in that DOE maintains business offices in New York County.

20.    Each Plaintiff seeks an award of reasonable attorneys' fees as part of the costs awarded to the Parent of a child with a disability as a "prevailing party" in the underlying administrative proceedings conducted under the IDEA. 20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517(a)(1)(i).

### **THE PARTIES**

21.    A.A. was nineteen years old during the 2018-2019 school year.

22.    A.A. was twenty years old during the 2019-2020 school year.

23.    A.A. is a child with a disability, as defined by 20 U.S.C. § 1401(3).

24.    A.A. is entitled to receive a FAPE and related services from DOE.

25.    Plaintiffs ELIZABETH ABRAMS AND DORE ABRAMS are the Parents and Natural Guardians of A.A.

26.    At all relevant times herein, Plaintiffs ELIZABETH ABRAMS AND DORE ABRAMS and A.A. resided in the City of New York.

27.    L.N. was seven years old during the 2018-2019 school year.

28. L.N. was eight years old during the 2019-2020 school year.

29. L.N. is a minor.

30. L.N. is a child with a disability, as defined by 20 U.S.C. § 1401(3).

31. L.N. is entitled to receive a FAPE and related services from DOE.

32. Plaintiffs YARELY MORA and LUIS NUNEZ, SR. are the Parents and Natural Guardians of L.N.

33. At all relevant times herein, Plaintiffs YARELY MORA, LUIS NUNEZ, SR., and L.N. resided in the City of New York.

34. Y.M. was fourteen years old during the 2018-2019 school year.

35. Y.M. was fifteen years old during the 2019-2020 school year.

36. Y.M. is a minor.

37. Y.M. is a child with a disability, as defined by 20 U.S.C. § 1401(3).

38. Y.M. is entitled to receive a FAPE and related services from DOE.

39. Plaintiffs NAHOKO MIZUTA and KENTARO MIZUTA are the Parents and Natural Guardians of Y.M.

40. At all relevant times herein, Plaintiffs NAHOKO MIZUTA, KENTARO MIZUTA, and Y.M. resided in the City of New York.

41. At all relevant times herein, Defendant New York City Department of Education is, and was, at all material times, a corporate body created by Article 52 of the New York State Education Law, CLS N.Y. Educ. Law § 2550 (McKinney) *et seq.* manages and controls the educational affairs of the New York City public schools.

42. Defendant New York City Department of Education is the Local Education Agency ("LEA"), defined in 14 U.S.C. § 1401 and 34 C.F.R. § 300.28, responsible for providing each Student with a FAPE.

43. New York State and DOE have established policies and procedures, both written and informal, concerning the IDEA's implementation.

44. DOE receives federal funding according to the IDEA, 20 U.S.C. § 1412.

45. Because DOE receives funding under the IDEA, 20 U.S.C. § 1412, it must comply with its provisions.

46. DOE's principal place of business is located at 52 Chambers Street, in the County and State of New York.

47. The New York City Department of Education's Impartial Hearing Order implementation unit is located at 65 Court Street, Room 1503, Brooklyn, New York 11201.

48. At all relevant times set forth herein, each Plaintiff was/is a New York City resident and resided within the DOE school district.

49. At all relevant times set forth herein, DOE was/is responsible for providing a FAPE to all students with disabilities, including A.A., L.N., and Y.M., whom all reside in DOE's school district, according to statutory rights arising under the IDEA, its implementing regulations, and the applicable Part 200 Regulations implemented by New York State, to the extent such regulations are not inconsistent with the IDEA statute.

## FACTUAL ALLEGATIONS

50. Congress enacted the IDEA to ensure that students with disabilities, such as A.A., L.N., and Y.M., have meaningful access to public education.

6

51. States that participate in the IDEA receive federal funds and agree to provide a FAPE to all disabled children in the state and comply with the IDEA's procedural and substantive mandates.

52. New York State has chosen to participate in and implement the IDEA framework and has established procedures for providing special education services to children with disabilities, set forth at N.Y. Educ. Law § 4401 (McKinney) *et seq.*

53. The primary mechanism for implementing the IDEA's mandate of a FAPE is the IEP as defined in 20 U.S.C. § 1401(14), 1414(d).

54. An IEP is a written statement prepared for every child with a disability that sets forth the special education and related services, supplementary aids and services, and program modification or supports to be provided to the child, on or behalf of the child, to enable that child to achieve a comprehensive set of annual goals and short-term objectives.

### ELIZABETH ABRAMS AND DORE ABRAMS as Parents and Natural Guardians of A.A. (2018-2019, 2019-2020 School Year)

55. On July 9, 2018, Plaintiffs ELIZABETH ABRAMS and DORE ABRAMS brought a DPC against DOE, alleging, among other things, that DOE did not provide A.A. a FAPE for the 2018-2019 school year, that iBRAIN was an appropriate unilateral placement for A.A., and that equities favored their request for funding of the education and related services, including special transportation, for the 2018-2019 extended school year.[2] 20 U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).

---

[2] A board of education may be required to reimburse parents for their expenditures for private educational services obtained for a student if the services offered by the board of education were inadequate or inappropriate ("Prong I"); the services selected by the parents were appropriate ("Prong II"); and equitable considerations support the parents' claim. ("Prong III"); *See Florence Cty. Sch. Dist. Four v. Carter By & Through*

56. The DPC was assigned IHO Case No. 175173.

57. In the DPC, Plaintiffs also sought a "stay-put" or Pendency Order requiring DOE to fund A.A.'s placement at iBRAIN during the Pendency of the Due Process Proceeding under 20 U.S.C. § 1415(j).

58. On July 11, 2018, DOE appointed Jeffrey L. Schiro to serve as the IHO.

59. In an Interim Order on Pendency dated April 22, 2019, the IHO directed DOE to fund A.A.'s tuition, related services, and specialized transportation costs associated with her unilateral private placement for the duration of the proceedings.

60. On July 9, 2019, Plaintiffs ELIZABETH ABRAMS and DORE ABRAMS brought a DPC against DOE, seeking an Order directing DOE to fund A.A.'s enrollment at iBRAIN for the 2019-20 school year.

61. This DPC was assigned IHO Case No. 185109.

62. ELIZABETH ABRAMS and DORE ABRAMS moved to consolidate Case No. 185109 with Case No. 175173, which was granted in a Consolidation Order dated October 14, 2019.

63. The IHO conducted a status conference with the parties on January 5, 2022, to discuss what issues, if any, remained to be decided following the April 2019 Pendency Order and the October 2019 Consolidation Order, and the expiration of the disputed school years.

64. On January 5, 2022, the IHO issued a FOFD.

65. In the FOFD, the IHO found that DOE had fully funded A.A.'s tuition and related services costs associated with her unilateral private placement at iBRAIN during the 2018-19

---

*Carter*, 510 U.S. 7, 114 S. Ct. 361, 126 L. Ed. 2d 284 (1993); *Sch. Comm. of Town of Burlington, Mass. v. Dep't of Educ. of Mass.*, 471 U.S. 359, 369–70, 105 S. Ct. 1996, 85 L. Ed. 2d 385 (1985).

and 2019-20 school years, but that there remained an outstanding balance of $20,350.00 for specialized transportation costs associated with A.A.'s private placement during the disputed school years.

66. In the FOFD, the IHO concluded that, by virtue of the Pendency and Consolidation Orders, A.A. is entitled to full reimbursement and/or direct payment for tuition, related services, and specialized transportation costs associated with A.A.'s unilateral placement at iBRAIN for the 2018-19 and 2019-20 school years.

67. The IHO ordered DOE to reimburse ELIZABETH ABRAMS and DORE ABRAMS and/or directly pay for all specialized transportation costs associated with A.A.'s unilateral placement at iBRAIN during the 2018-19 and 2019-20 school years. **A copy of the FOFD for A.A. in IHO Consolidated Case Nos. 175173 and 185109 (January 5, 2022) are attached hereto as Exhibit 1.**

68. The IHO issued the FOFD **1,276 days** after ELIZABETH ABRAMS and DORE ABRAMS filed their DPC against DOE for the 2018-2019 school year and **911** days after ELIZABETH ABRAMS and DORE ABRAMS filed their DPC against DOE for the 2019-2020 school year.

69. DOE had 40 days from January 5, 2022, to appeal – to file a verified Request for Review ("RFR") of – the FOFD to the Office of State Review.

70. DOE did not file a verified RFR; DOE did not appeal the FOFD.

71. The FOFD (January 5, 2022) is the final Order relative to A.A.'s 2018-2019 and 2019-2020 Due Process Proceedings.

72. Plaintiffs ELIZABETH ABRAMS and DORE ABRAMS are the prevailing parties of the underlying administrative proceedings relative to IHO Case No. 175173 for the 2018-2019 school year and Case No. 185109 for the 2019-2020 school year.

73. To date, DOE has not complied with the FOFD in IHO Consolidated Case Nos. 175173 and 185109.

74. To date, DOE has not implemented the FOFD in IHO Consolidated Case Nos. 175173 and 185109; DOE has not funded the total cost of A.A.'s specialized transportation costs associated with A.A.'s unilateral placement at iBRAIN for the 2018-19 and 2019-20 school years.

75. In any action or proceeding brought under the IDEA, a court of competent jurisdiction may award reasonable attorneys' fees as part of the costs to a "prevailing party" who is the Parent of a child with a disability. 20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517(a)(1)(i).

76. A Parent may be eligible for attorneys' fees if deemed a "prevailing party" in an IDEA action.

77. A Parent is deemed a "prevailing party" if the Parent attains success on any significant issue in the litigation or proceeding that achieves some of the benefit sought, and the manner of the resolution of the dispute constitutes a change in the legal relationship of the parties.

78. In the context of IDEA administrative proceedings, relief ordered by an IHO alters the legal relationship between the parties.

79. In the context of IDEA proceedings, where an IHO issues an Order in favor of the Parent of a child with a disability, the Parent is a prevailing party.

80. On January 5, 2022, the IHO issued a FOFD in IHO Consolidated Case Nos. 175173 and 185109 in favor of Plaintiffs ELIZABETH ABRAMS and DORE ABRAMS.

81. In IHO Consolidated Case Nos. 175173 and 185109, the IHO found that DOE should have funded A.A.'s educational placement during the 2018-2019 and 2019-2020 through pendency, that an outstanding balance of $20,350 remained outstanding for specialized transportation costs associated with the unilateral placement for those school years, and ordered that DOE fund the remaining outstanding balance within thirty (30) days of the date of decision.

82. The IHO ordered DOE to fully fund A.A.'s attendance, costs, related services, and specialized transportation at iBRAIN for the 2018-2019 and 2019-2020 school years, which was the relief sought by Plaintiffs ELIZABETH ABRAMS and DORE ABRAMS in the IDEA proceeding.

83. The FOFD altered the legal relationship between DOE and Plaintiffs ELIZABETH ABRAMS and DORE ABRAMS.

84. Plaintiffs ELIZABETH ABRAMS and DORE ABRAMS are the prevailing parties in the underlying administrative proceedings for IHO Consolidated Case Nos. 175173 and 185109.

85. The DOE did not appeal the FOFD in IHO Consolidated Case Nos. 175173 and 185109 dated January 5, 2022.

86. At all times set forth herein, Plaintiffs ELIZABETH ABRAMS and DORE ABRAMS were represented by the Brain Injury Rights Group, Ltd., by and through the attorneys, associates, and other legal staff employed thereby, in the administrative proceedings

brought against the Defendants under the IDEA, and New York State's Education Laws, relative to the DPCs filed for the 2018-2019 and 2019-2020 school years.

87.  ELIZABETH ABRAMS and DORE ABRAMS are entitled to reasonable attorneys' fees as prevailing parties in IHO Consolidated Case Nos. 175173 and 185109.

88.  The Parents/Plaintiffs' law firm, the attorneys, and/or other legal staff employed threat spent numerous hours representing Plaintiffs ELIZABETH ABRAMS and DORE ABRAMS in the underlying IDEA proceedings relative to IHO Consolidated Case Nos. 175173 and 185109, between July 2018 and January 2022.

89.  ELIZABETH ABRAMS and DORE ABRAMS hereby request and/or otherwise preserve their right to request an award of reasonable attorneys' fees as prevailing parties in IHO Consolidated Case Nos. 175173 and 185109 in the amount to be provided at a date after the Complaint is filed herein.

### YARELY MORA and LUIS NUNEZ, SR. as Parents and Natural Guardians of L.N. (2018-2019 School Year)

90.  On July 9, 2018, Plaintiffs YARELY MORA and LUIS NUNEZ, SR. brought a DPC against DOE, alleging, among other things, that DOE did not provide L.N. a FAPE for the 2018-2019 school year, that iBRAIN was an appropriate unilateral placement for L.N., and that equities favored their request for tuition reimbursement. 20 U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).

91.  The DPC was assigned IHO Case No. 175249.

92.  In the DPC, Plaintiffs also sought a "stay-put" or Pendency Order requiring DOE to fund L.N.'s placement at iBRAIN during the Pendency of the Due Process Proceeding under 20 U.S.C. § 1415(j).

93.  On July 13, 2018, DOE appointed Jeffrey L. Schiro to serve as the IHO.

12

94. In an Interim Order on Pendency dated June 26, 2019, the IHO directed DOE to fund L.N.'s instruction and related services at his private program for the duration of the proceedings.

95. On July 9, 2019, Plaintiffs YARELY MORA and LUIS NUNEZ, SR. brought a DPC against DOE, seeking an Order directing DOE to fund L.N.'s enrollment at iBRAIN for the 2019-20 school year.

96. This DPC was assigned IHO Case No. 185171.

97. YARELY MORA and LUIS NUNEZ, SR. moved to consolidate Case No. 185171 with Case No. 175249, which was granted in a Consolidation Order dated October 14, 2019.

98. The IHO conducted a status conference with the parties on September 8, 2021, to discuss what issues, if any, remained to be decided following the June 2019 Pendency Order and the October 2019 Consolidation Order, and the expiration of the disputed school years.

99. On January 3, 2022, the IHO issued a FOFD.

100. In the FOFD, the IHO found that DOE had not fully funded L.N.'s tuition and transportation costs associated with his unilateral private placement at iBRAIN during the 2018-19 and 2019-20 school years, but that there remained an outstanding balance of $3,027.72 for tuition and related services, and an outstanding balance of $38,368.90 for transportation services associated with L.N.'s private placement during the disputed school years.

101. In the FOFD, the IHO concluded that, by virtue of the Pendency and Consolidation Orders, L.N. is entitled to full reimbursement and/or direct payment for tuition, related

services, and specialized transportation costs associated with L.N.'s unilateral placement at iBRAIN for the 2018-19 and 2019-20 school years.

102. The IHO ordered DOE to reimburse YARELY MORA and LUIS NUNEZ, SR. and/or directly pay for all tuition and related services and all specialized transportation costs associated with L.N.'s unilateral placement at iBRAIN during the 2018-19 and 2019-20 school years. **A copy of the FOFD for L.N. in IHO Consolidated Case Nos. 175249 and 185171, dated January 3, 2022, are attached hereto as Exhibit 2.**

103. The IHO issued the FOFD **1,274 days** after YARELY MORA and LUIS NUNEZ, SR. filed their DPC against DOE for the 2018-2019 school year and **909** days after YARELY MORA and LUIS NUNEZ, SR. filed their DPC against DOE for the 2019-2020 school year.

104. DOE had 40 days from January 3, 2022, to appeal to the Office of State Review by filing a verified RFR of the FOFD.

105. DOE did not file a verified RFR; DOE did not appeal the FOFD.

106. The FOFD (January 3, 2022) is the final Order relative to L.N.'s 2018-2019 and 2019-2020 Due Process Proceedings.

107. Plaintiffs YARELY MORA and LUIS NUNEZ, SR. are the prevailing parties of the underlying administrative proceedings relative to IHO Case No. 175249 for the 2018-2019 school year and Case No. 185171 for the 2019-2020 school year.

108. To date, DOE has not complied with the FOFD in IHO Consolidated Case Nos. 175249 and 185171.

109. To date, DOE has not implemented the FOFD in IHO Consolidated Case Nos. 175249 and 185171; DOE has not funded the total cost of L.N.'s tuition, related services, and

specialized transportation costs associated with L.N.'s unilateral placement at iBRAIN for the 2018-19 and 2019-20 school years.

110. In any action or proceeding brought under the IDEA, a court of competent jurisdiction may award reasonable attorneys' fees as part of the costs to a "prevailing party" who is the Parent of a child with a disability. 20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517(a)(1)(i).

111. A Parent may be eligible for attorneys' fees if deemed a "prevailing party" in an IDEA action.

112. A Parent is deemed a "prevailing party" if the Parent attains success on any significant issue in the litigation or proceeding that achieves some of the benefit sought, and the manner of the resolution of the dispute constitutes a change in the legal relationship of the parties.

113. In the context of IDEA administrative proceedings, relief ordered by an IHO alters the legal relationship between the parties.

114. In the context of IDEA proceedings, where an IHO issues an Order in favor of the Parent of a child with a disability, the Parent is a prevailing party.

115. On January 3, 2022, the IHO issued a FOFD in IHO Consolidated Case Nos. 175249 and 185171 in favor of Plaintiffs YARELY MORA and LUIS NUNEZ, SR.

116. In IHO Consolidated Case Nos. 175249 and 185171, the IHO found that DOE should have funded L.N.'s educational placement during the 2018-2019 and 2019-2020 through pendency, that there was an outstanding balance of $3,027.72 for tuition and related services, and an outstanding balance of $38,368.90 for transportation services associated with L.N.'s private placement during the disputed school years, and ordered

that DOE fund the remaining outstanding balance within thirty (30) days of the date of decision.

117. The IHO ordered DOE to fully fund L.N.'s attendance, costs, related services, and specialized transportation at iBRAIN for the 2018-2019 and 2019-2020 school years, which was the relief sought by Plaintiffs YARELY MORA and LUIS NUNEZ, SR. in the IDEA proceeding.

118. The FOFD altered the legal relationship between DOE and Plaintiffs YARELY MORA and LUIS NUNEZ, SR.

119. Plaintiffs YARELY MORA and LUIS NUNEZ, SR. are the prevailing parties in the underlying administrative proceedings for IHO Consolidated Case Nos. 175249 and 185171.

120. The DOE did not appeal the FOFD in IHO Consolidated Case Nos. 175249 and 185171, dated January 3, 2022.

121. At all times set forth herein, Plaintiffs YARELY MORA and LUIS NUNEZ, SR. were represented by the Brain Injury Rights Group, Ltd., by and through the attorneys, associates, and other legal staff employed thereby, in the administrative proceedings brought against the Defendants under the IDEA, and New York State's Education Laws, relative to the DPCs filed for the 2018-2019 and 2019-2020 school years.

122. YARELY MORA and LUIS NUNEZ, SR. is entitled to reasonable attorneys' fees as a prevailing party IHO Consolidated Case Nos. 175249 and 185171.

123. The Parents/Plaintiffs' law firm, the attorneys, and/or other legal staff employed thereat spent numerous hours representing Plaintiffs YARELY MORA and LUIS NUNEZ,

SR. in the underlying IDEA proceedings relative to IHO Consolidated Case Nos. 175249 and 185171, between July 2018 and January 2022.

124. YARELY MORA and LUIS NUNEZ, SR. hereby requests and/or otherwise preserve their right to request an award of reasonable attorneys' fees as prevailing parties in IHO Consolidated Case Nos. 175249 and 185171 in the amount to be provided at a date after the filing of the Complaint herein.

**NAHOKO MIZUTA and KENTARO MIZUTA as Parents and Natural Guardians of Y.M. (2018-2019 School Year)**

125. On July 9, 2018, Plaintiffs NAHOKO MIZUTA and KENTARO MIZUTA brought a DPC against DOE, alleging, among other things, that DOE did not provide Y.M. a FAPE for the 2018-2019 school year, that iBRAIN was an appropriate unilateral placement for Y.M., and that equities favored their request for funding for Y.M.'s education and related services, including transportation, that were provided during the 2018-2019 extended school year. 20 U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).

126. The DPC was assigned IHO Case No. 175152.

127. In the DPC, Plaintiffs also sought a "stay-put" or Pendency Order requiring DOE to fund Y.M.'s placement at iBRAIN during the Pendency of the Due Process Proceeding under 20 U.S.C. § 1415(j).

128. On July 11, 2018, DOE appointed Jeffrey L. Schiro to serve as the IHO.

129. In an Interim Order on Pendency dated May 14, 2019, the IHO directed DOE to fund Y.M.'s tuition, related services, and specialized transportation costs associated with her unilateral private placement for the duration of the proceedings.

130. On July 8, 2019, Plaintiffs NAHOKO MIZUTA and KENTARO MIZUTA brought a DPC against DOE, seeking an Order directing DOE to fund Y.M.'s enrollment at iBRAIN for the 2019-20 school year.

131. This DPC was assigned IHO Case No. 185154.

132. NAHOKO MIZUTA and KENTARO MIZUTA moved to consolidate Case No. 185154 with Case No. 175152, which was granted in a Consolidation Order dated October 14, 2019.

133. The IHO conducted a status conference with the parties on January 5, 2022, to discuss what issues, if any, remained to be decided following the May 2019 Pendency Order and the October 2019 Consolidation Order, and the expiration of the disputed school years.

134. On January 5, 2022, the IHO issued a FOFD.

135. In the FOFD, the IHO found that DOE had not fully funded Y.M.'s tuition and related services costs associated with her unilateral private placement at iBRAIN during the 2018-19 and 2019-20 school years, but that there remained an outstanding balance of $3,852.00 for tuition and related services, and an outstanding balance of $23,650.00 for specialized transportation costs associated with Y.M.'s private placement during the disputed school years.

136. In the FOFD, the IHO concluded that, by virtue of the Pendency and Consolidation Orders, Y.M. is entitled to full reimbursement and/or direct payment for tuition, related services, and specialized transportation costs associated with Y.M.'s unilateral placement at iBRAIN for the 2018-19 and 2019-20 school years.

137. The IHO ordered DOE to reimburse NAHOKO MIZUTA and KENTARO MIZUTA and/or directly pay for all tuition and related services and all specialized transportation costs

associated with Y.M.'s unilateral placement at iBRAIN during the 2018-19 and 2019-20 school years. **A copy of the FOFD for Y.M. in IHO Consolidated Case Nos. 175152 and 185154, dated January 5, 2022, are attached hereto as Exhibit 3.**

138. The IHO issued the FOFD **1,276 days** after NAHOKO MIZUTA and KENTARO MIZUTA filed their DPC against DOE for the 2018-2019 school year and **911** days after NAHOKO MIZUTA and KENTARO MIZUTA filed their DPC against DOE for the 2019-2020 school year.

139. DOE had 40 days from January 5, 2022, to appeal by filing an RFR of the FOFD to the Office of State Review.

140. DOE did not file a verified RFR; DOE did not appeal the FOFD.

141. The FOFD dated January 5, 2022 is the final Order relative to Y.M.'s 2018-2019 and 2019-2020 Due Process Proceedings.

142. Plaintiffs NAHOKO MIZUTA and KENTARO MIZUTA are the prevailing parties of the underlying administrative proceedings relative to IHO Case No. 175152 for the 2018-2019 school year and Case No. 185154 for the 2019-2020 school year.

143. To date, DOE has not complied with the FOFD in IHO Consolidated Case Nos. 175152 and 185154.

144. To date, DOE has not implemented the FOFD in IHO Consolidated Case Nos. 175152 and 185154; DOE has not funded the total cost of Y.M.'s tuition, related services, and specialized transportation costs associated with Y.M.'s unilateral placement at iBRAIN for the 2018-19 and 2019-20 school years.

145. In any action or proceeding brought under the IDEA, a court of competent jurisdiction may award reasonable attorneys' fees as part of the costs to a "prevailing party" who

is the Parent of a child with a disability. 20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517(a)(1)(i).

146. A Parent may be eligible for attorneys' fees if deemed a "prevailing party" in an IDEA action.

147. A Parent is deemed a "prevailing party" if the Parent attains success on any significant issue in the litigation or proceeding that achieves some of the benefit sought, and the manner of the resolution of the dispute constitutes a change in the legal relationship of the parties.

148. In the context of IDEA administrative proceedings, relief ordered by an IHO alters the legal relationship between the parties.

149. In the context of IDEA proceedings, where an IHO issues an Order in favor of the Parent of a child with a disability, the Parent is a prevailing party.

150. On January 5, 2022, the IHO issued a FOFD in IHO Consolidated Case Nos. 175152 and 185154 in favor of Plaintiffs NAHOKO MIZUTA and KENTARO MIZUTA.

151. In IHO Consolidated Case Nos. 175152 and 185154, the IHO found that Y.M.'s educational placement should have been funded through pendency, that there was an outstanding balance of $3,852.00 for tuition and related services, and an outstanding balance of $23,650.00 for specialized transportation costs associated with Y.M.'s private placement during the disputed school years, and ordered DOE to fund the outstanding balance within thirty (30) days of the date of decision.

152. The IHO ordered DOE to fully fund Y.M.'s attendance, costs, related services, and specialized transportation at iBRAIN for the 2018-2019 and 2019-2020 school years,

which was the relief sought by Plaintiffs NAHOKO MIZUTA and KENTARO MIZUTA in the IDEA proceeding.

153. The FOFD altered the legal relationship between DOE and Plaintiffs NAHOKO MIZUTA and KENTARO MIZUTA.

154. Plaintiffs NAHOKO MIZUTA and KENTARO MIZUTA are the prevailing parties in the underlying administrative proceedings for IHO Consolidated Case Nos. 175152 and 185154.

155. The DOE did not appeal the FOFD in IHO Consolidated Case Nos. 175152 and 185154 dated January 5, 2022.

156. At all times set forth herein, Plaintiffs NAHOKO MIZUTA and KENTARO MIZUTA were represented by the Brain Injury Rights Group, Ltd., by and through the attorneys, associates, and other legal staff employed thereby, in the administrative proceedings brought against the Defendants under the IDEA, and New York State's Education Laws, relative to the DPCs filed for the 2018-2019 and 2019-2020 school years.

157. NAHOKO MIZUTA and KENTARO MIZUTA are entitled to reasonable attorneys' fees as prevailing parties in IHO Consolidated Case Nos. 175152 and 185154.

158. The Parents/Plaintiffs' law firm, the attorneys, and/or other legal staff employed thereat spent numerous hours representing Plaintiffs NAHOKO MIZUTA and KENTARO MIZUTA in the underlying IDEA proceedings relative to IHO Consolidated Case Nos. 175152 and 185154, between July 2018 and January 2022.

159. NAHOKO MIZUTA and KENTARO MIZUTA hereby request and/or otherwise preserve their right to request an award of reasonable attorneys' fees as prevailing parties in

IHO Consolidated Case Nos. 175152 and 185154 in the amount to be provided at a date after the Complaint filed herein.

**<u>AS AND FOR A FIRST CAUSE OF ACTION</u>**

160. Plaintiffs reiterate, repeat, and reaffirm each allegation set forth above as if more fully set forth herein.

161. Each Plaintiff, and each Plaintiff's disabled Student, has been harmed by DOE's failure to implement the final Administrative Orders that have been issued in their favor as set forth above, and herein, and will continue to suffer such harm until DOE implements the final Administrative Orders in accordance with the terms thereof.

162. DOE has continuously and persistently failed to implement final Administrative Orders in IDEA proceedings promptly.

163. DOE's persistent and continued failure to implement final Administrative Orders in IDEA proceedings is notorious.

164. Pursuant to a stipulation that DOE entered into as part of the settlement in *LV v. New York City Dep't of Educ.*, 700 F. Supp. 2d 510 (S.D.N.Y. 2010), DOE must implement final IHO orders within thirty-five (35) days.

165. Despite the preceding stipulation, DOE has a well-documented history of failing to implement final administrative Orders in a timely manner.

166. Indeed, due to the continued and ongoing failure of DOE to implement Administrative Orders in a timely manner, Senior U.S. District Court Judge Loretta Preska ordered the appointment of a Special Master to oversee DOE's adherence to the prior stipulation and timely compliance with final administrative Orders. *LV*, 700 F. Supp. 2d 510, 03-CV-9917, Dkt. Entry No. 285 (November 4, 2021).

167. DOE's failure and/or refusal to implement and/or comply with each Plaintiff's final Administrative Order, the IHO's FOFD or SRO's Decision, in each Plaintiff's particular case, requiring DOE to fully fund each Plaintiff's placement at iBRAIN as set forth therein, has denied, and continues to deny, each Plaintiff herein their rights as set forth under the IDEA, 20 U.S.C. § 1401 *et seq.*, the federal regulations promulgated thereunder, 34 C.F.R. Part 300, Article 89 of the New York State Education Law, and the Regulations of the Commissioner of Education, Part 200.

## AS AND FOR A SECOND CAUSE OF ACTION

168. Plaintiffs reiterate, repeat, and reaffirm each allegation set forth above as if more fully set forth herein.

169. In any action or proceeding brought under the IDEA, a court may award reasonable attorneys' fees as part of the costs to a "prevailing party" who is the Parent of a child with a disability (20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517(a)(1)(i)).

170. Plaintiffs herein are prevailing parties in their respective underlying administrative actions brought under the IDEA.

171. Each Plaintiff herein is the Parent of a child with a disability, who prevailed in their respective action/proceeding brought against DOE under the IDEA.

172. Each Plaintiff in this action was at all times referenced herein represented by the Brain Injury Rights Group, Ltd., a non-profit law firm, experienced in, *among other things*, representing disabled students and their families in administrative and judicial proceedings brought under the IDEA.

173. Each Plaintiff, as a prevailing party in their respective Administrative Proceeding brought under the IDEA, most respectfully seeks an award of reasonable attorneys' fees under 20 U.S.C. § 1415(i)(3)(B)(I).

## AS AND FOR A THIRD CAUSE OF ACTION

174. Plaintiffs reiterate, repeat, and reaffirm each allegation set forth above as if more fully set forth herein.

175. Plaintiffs' Third Cause of Action is brought under 42 U.S.C. § 1983 as the Defendants herein, acting under color of law, deprived each Plaintiff and each Plaintiff's disabled Student, of their Constitutional and/or otherwise substantial rights, created by, and/or otherwise recognized in, the IDEA and other state and federal laws, statutes, regulations, and the like and/or otherwise violated said rights as set forth herein.

176. Defendants, acting under color of law, violated the rights of each Plaintiff, and each Plaintiff's disabled Student, as protected under Section 1983, in that the Defendants:

   (a) Adopted inappropriate policies and procedures pertaining to the implementation of final administrative orders issued in proceedings brought under the IDEA and applicable state law;

   (b) Failed to abide by existing policies and procedures pertaining to the implementation of final administrative orders issued in proceedings brought under the IDEA and applicable state law;

   (c) Engaged in a widespread practice that constituted custom or usage pertaining to the implementation of final administrative orders issued in proceedings brought under the IDEA and applicable state law;

(d) Failed to supervise and/or train their employees to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with such employees pertaining to the implementation of final administrative orders issued in proceedings brought under the IDEA and applicable state law; and

(e) Failed to adopt and implement appropriate policies and procedures and/or to adhere to existing policies pertaining to the implementation of final administrative orders issued in proceedings brought under the IDEA and applicable state law.

177. Defendants' failure and/or refusal to implement and/or comply with the final administrative orders issued in proceedings brought under the IDEA as set forth more fully herein, deprived, and continues to deprive, each Plaintiff and each Plaintiff's disabled Student of their rights under the IDEA, and the regulations promulgated thereunder, as well as N.Y. Educ. Law § 4404 and 4410 (McKinney), in violation of 42 U.S.C. § 1983.

178. As a direct and proximate result of Defendants' wrongful conduct, each Plaintiff and each Plaintiff's disabled Student has experienced a loss of federally guaranteed rights.

### <u>RELIEF REQUESTED</u>

**WHEREFORE**, the Plaintiffs respectfully request that this Court:

a. Issue a Preliminary Injunction:

    i. Ordering Defendants, DOE, to fully implement and comply with each final Administrative Order and Decision issued in favor of each respective Plaintiff and said Plaintiff's disabled Student, as set forth more fully herein.

b. Enter Judgment against Defendants and in favor of Plaintiffs:

i.  Finding that Defendants failed to implement and comply with each final Administrative Order and Decision issued in favor of each respective Plaintiff and said Plaintiff's disabled Student, as set forth more fully herein, and by doing so, deprived each Plaintiff and said Plaintiff's disabled Student of their rights, as outlined in the IDEA, the regulations promulgated thereunder, as well as New York State Education Law;

ii.  Ordering Defendants to implement and comply with each final Administrative Order and Decision issued in favor of each respective Plaintiff and said Plaintiff's disabled Student as set forth more fully herein, to fully fund the placement of each Plaintiff's disabled Student at iBRAIN in accordance with each final Administrative Order and/or Decision issued in favor of each respective Plaintiff;

iii.  Finding that Defendants' failure to implement and/or comply with each final Administrative Order and Decision issued in favor of each respective Plaintiff and said Plaintiff's disabled Student as set forth more fully herein, while acting under color of law, deprived each Plaintiff and each Plaintiff's disabled Student their rights secured by federal and state law in violation of 42 U.S.C. § 1983;

iv.  Awarding each Plaintiff reasonable attorneys' fees, as part of their costs, as each Plaintiff was a "prevailing party" in the underlying Administrative Action brought under the IDEA. Each Plaintiff herein is the Parent of a child with a disability, who prevailed in their respective Administrative Proceedings brought under the IDEA, and who had final Administrative Orders issued in their favor, requiring Defendants, DOE, to fully fund each Plaintiff's disabled Student's tuition and related services at iBRAIN. 20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517(a)(1)(i);

v.  Declaring that Defendants violated Plaintiffs' rights as set forth herein;

vi.  Ordering such other, further, and different relief as may be appropriate under the IDEA;

vii.  Awarding Plaintiffs' statutory costs and reasonable attorneys' fees in instant federal action; and,

viii.  Granting such other, further, and different relief as to this Court may deem just, proper, and equitable.

Dated:  March 29, 2022
        New York, New York

                                    Respectfully Submitted,
                                    Brain Injury Rights Group, Ltd
                                    Attorneys for Plaintiffs

                            By: _/S/ Ashleigh C. Rousseau_
                                    Ashleigh C. Rousseau, Esq.
                                    300 East 95th Street, Suite 130
                                    New York, NY 10128
                                    (646) 850-5035
                                    Ashleigh@pabilaw.org